UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHR BROWN<br>*Plaintiff* | : Case No. 3:22-cv-105 (OAW)<br>:<br>: |
| *v.* | :<br>: |
| HANNAH<br>*Defendant* | :<br>:<br>: |
| | : MARCH 25, 2022 |

## RULING AND ORDER

Pro se plaintiff, Christopher Brown, currently incarcerated at Cheshire Correctional Institution, filed this action pursuant 42 U.S.C. § 1983 and 42 U.S.C. § 12101 against the warden at Garner Correctional Institution.  Plaintiff alleged that Defendant caused him to be subjected to unsafe conditions, water leaking through the ceiling to puddle on the floor, which resulted in a head injury.  The court dismissed the case on initial review.  *See* Initial Review Order, Doc. No. 9.  Plaintiff now seeks reconsideration of the dismissal of his Eighth Amendment claims.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  The standard is strict "to ensure the finality of decisions and to prevent the practice of a losing party examining the decision and then plugging the gaps of a lost motion with additional matters."  *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (citation and internal

quotation marks omitted). Thus, reconsideration is warranted only if the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Kolel Beth Yechiel Mechilof Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

This district's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanies by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.

On initial review, the court dismissed the Eighth Amendment claim because courts considering claims of leaks resulting in puddles or wet floors determined that the claims did not rise to the level of constitutional violations and because Plaintiff failed to allege facts to support a claim for supervisory liability against the warden, the only defendant named in this action. Plaintiff does not identify any facts or law the court overlooked in addressing these claims. Thus, reconsideration is not warranted.

In his motion, Plaintiff now argues that the court should have inferred a claim for exposure to "unsanitary, unhealthy and bacteriaed water." ECF. No. 11 ¶ 15 (sic). He states that "because of the floodings in the cell of unsanitary and bacterias water the plaintiff could have gotten sick, deceased or even could have on multiple occasions slipped banging his head on the toilet bowl, possible breaking his neck or paralizing himself." *Id.* ¶ 11 (sic). Plaintiff did not assert a claim for deliberate indifference to

2

health regarding bacterial infection in the complaint.

"Although we afford a *pro se* litigant a certain degree of latitude in the sufficiency of his factual allegations, a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of the claim that were not initially pled." *Darby v. Greenman*, 14 F.4th 124, 130 (2d Cir. 2021) (citation and quotation marks omitted). "[W]e are not free to speculate about unpleaded facts that might be favorable to the plaintiff." *Id.* at n.6. As Plaintiff pleaded no facts regarding the water itself, speculation was not warranted. In addition, Plaintiff does not allege that he contracted any illness from the water. Speculation about what could have happened does not state a plausible claim for relief. "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)).

Further, if Plaintiff is attempting to add a claim to his complaint through this motion for reconsideration, that is not permitted. A motion for reconsideration is not intended to be "a vehicle for relitigating old issues, presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Thus, Plaintiff cannot use this motion to assert a new claim or present a new theory of recovery.

Plaintiff's motion for reconsideration (ECF No. 11) is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this 25th day of March 2022.

/s/ *Omar A. Williams*
Omar A. Williams
United States District Judge